William L. Frost Manhattan City Attorney 1101 Poyntz Manhattan, Kansas 66502-5460
Dear Mr. Frost:
As city attorney for Manhattan, you request our opinion on K.S.A. 8-301et seq. which prohibit local government employees from using publicly owned vehicles for personal use. Evidently, the city provides some of its employees with city owned vehicles so that they can respond to situations which occur during and after business hours and which require their immediate attention. These employees have responsibilities that require them to be available 24 hours a day and the city provides these employees with communication equipment that can be carried in these vehicles so that the employee can respond directly from his or her residence to the location needing attention, without the necessity of reporting first to some city facility to obtain a city vehicle. You are concerned with whether these employees have violated K.S.A. 8-301 under the following circumstances:
 "a. An employee, while proceeding to and from his residence in a city owned vehicle stops off at the grocery store or drops off one of his children at school.
 "b. An employee, during his lunch hour, drives his city owned vehicle to a restaurant for lunch.
 "c. An employee, during the business day, leaves his office and drives his city owned vehicle to a doctor's appointment.
 "d. An employee drives his city owned vehicle out of town to an overnight meeting related to city business, and while in the other city operates the vehicle in the evening to go out to dinner or to some form of entertainment."
K.S.A. 8-301 provides in relevant part as follows:
 "No person or employee of the state or county or any governmental subdivision shall operate or drive or cause to be operated or driven any state, county or other publicly owned automobile . . . or other motor vehicle for private use or for private business or for pleasure." (Emphasis added).
K.S.A. 8-306 provides in relevant part as follow:
 "Any officer or employee of any political subdivision . . . who violates any of the . . . provisions of this act shall be deemed guilty of malfeasance in office and shall be subject to removal from office or employment." (Emphasis added).
K.S.A. 8-307 provides in relevant part as follows:
 "No officer or employee of . . . a political subdivision shall use any vehicle for any personal use whatsoever. Any officer or employee who shall violate any of the provisions of this act . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than $100 nor more than $500 for each offense. Nothing contained in this section shall be construed as making it unlawful for any officer or employee with the consent of the head of the state agency or political subdivision of which he or she is an officer or employee, to drive such vehicle to and from, and keep the same at his or her place of residence, if such place of residence is located within a reasonable distance of his or her official headquarters as an officer or employee of such state agency." (Emphasis added).
These statutes were enacted in 1933 and were amended last in 1972. "Private use" and "private business" as used in K.S.A. 8-301 and "personal use" as used in K.S.A. 8-307 are not defined and there is no case law or a record of any legislative proceedings which would illuminate legislative intentions. During the 1993 legislative session, a bill which would have amended K.S.A. 8-301 and 8-307 to exempt city and county law enforcement officers failed to make it out of committee. 1993 S.B. No. 390.
It is our opinion that whether the statutes in question are violated depends on the facts which will vary from case to case. However, we have concluded in two prior opinions, which are enclosed, that based upon the facts presented, an employee who is "on call" and who is required to respond when called is not in violation of the statutes even though he or she uses the vehicle for personal use — the rationale being that the use is merely incidental to the overall city purpose. VII Attorney General Opinions 27; non-published letter opinion dated March 24, 1988.
In the four scenarios that you describe, it is our opinion that these employees are not violating the statutes in question because these personal uses are merely incidental to the primary purpose of the city which is to keep these employees accessible and responsive to city demands 24 hours a day.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm